UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUADALUPE A. V. C.,<br><br>      Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | CASE NO. C23-1768-BAT<br><br>**ORDER REVERSING THE COMMISSIONER'S DECISION** |

  Plaintiff appeals the ALJ's denial of her application for Supplemental Security Income ("SSI"). She contends the ALJ misevaluated the medical opinion evidence. Dkt. 12. For the reasons below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

  Plaintiff is currently sixty-one years-old, has a limited education, and has worked at unskilled jobs, including as a janitor, laundry worker, and fish cleaner. Tr. 62-75, 32-33.

  On January 5, 2016, Plaintiff applied for benefits, alleging disability as of July 29, 2010.[1] Tr. 456-65. Her application was denied initially and on reconsideration. Tr. 113-41. ALJ Glenn

---

[1] The relevant period, however, did not commence as of Plaintiff's alleged 2010 onset date because SSI benefits are not retroactive to the date of disability onset, but are instead payable

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

Meyers conducted a hearing on March 13, 2018, and in a July 31, 2018 decision found Plaintiff disabled beginning February 5, 2018, when Plaintiff's age category changed to an individual of advanced age. Tr. 155; *see also* Tr. 41-82, 147-57. However, the ALJ found Plaintiff was not disabled before February 5, 2018. Tr. 156.

On January 15, 2020, the Appeals Council affirmed the ALJ's finding of disability beginning in February 2018, but vacated the ALJ's finding Plaintiff was not disabled before February 2018. Tr. 164. The Appeals Council found remand was required based on the ALJ's denial of an interpreter at the March 2018 hearing and the ALJ's failure to explain the inconsistencies between a medical opinion from Dr. John Wolfe, a non-examining state agency psychologist whose opinion the ALJ afforded "significant weight," and Plaintiff's assessed RFC. Tr. 164; *see also* Tr. 121-23 (Dr. Wolfe's May 2016 opinion). The Appeals Council ordered the ALJ to hold a supplemental hearing with an interpreter, to reevaluate Dr. Wolfe's opinion and Plaintiff's RFC, and to consult a vocational expert regarding "the effect of the [re]assessed limitations on [Plaintiff's] occupational base." Tr. 164-65.

On remand from the Appeals Council, ALJ Meyers held a hearing with an interpreter on September 28, 2022, and, on October 13, 2022, again found Plaintiff not disabled for the period from early 2016 through February 4, 2018.[2] Tr. 22-34, 83-111.

---

one month following the month in which the application was filed. *See* 20 C.F.R. § 416.335. In this case, that would have been February 2016.

[2] On remand, the ALJ reconsidered Dr. Wolfe's opinion, affording it "little weight," as compared to the "significant weight" the ALJ previously gave the opinion in 2018. Tr. 31; *cf.* Tr. 154. Additionally, on remand in 2022, ALJ Meyers added additional functional limitations to Plaintiff's assessed RFC for light work. Tr. 27.

ORDER REVERSING THE COMMISSIONER'S DECISION - 2

1      The Appeals Council denied Plaintiff's request for review making the ALJ's decision the

2    Commissioner's final decision.  Tr. 1-8. The parties consented to proceed before the undersigned

3    Magistrate Judge.  Dkt. 2.

## DISCUSSION

5      Plaintiff raises a single issue on appeal, arguing the ALJ erred in giving "little weight" to

6    the July 2016 opinion from examining Washington State Department of Social and Health

7    Services ("DSHS") psychologist, Dr. David Widlan.  Dkt. 12 at 1.

8      On July 7, 2016, Dr. Widlan examined Plaintiff and administered several mental and

9    cognitive tests.  Tr. 925, 1118-25.  Dr. Widlan diagnosed bipolar disorder, PTSD, and alcohol

10   dependence in sustained remission.  Tr. 1118.  The doctor opined Plaintiff possessed marked or

11   severe functional limitations based on her mental impairments and symptoms in eight out of

12   thirteen functional categories.[3]  Tr. 1119.

13      Dr. Widlan specifically opined Plaintiff was markedly limited in her understanding and

14   memory, concentration and persistence, and adaptation.  *See* Tr. 1119.  These included marked

15   limitations in terms of Plaintiff's abilities to understand, remember, and persist in tasks by

---

[3] The Court notes the DSHS form utilized by Dr. Widlan contained thirteen "work activity" categories and ratings that align closely with, but are not identical to, the controlling regulations' four Paragraph B functional areas and the criteria utilized by SSA consulting psychologists in evaluating a claimant's limitations for purposes of the subsequent RFC assessment.  *See* 20 C.F.R. § 416.920a(b)(2), (c)(3) (noting that the four "Paragraph B" criteria include:  1) the claimant's ability to understand, remember, or apply information; 2)  the claimant's ability to interact with others; 3) the claimant's ability to concentrate, persist, or maintain pace; and 4) the claimant's ability to adapt or manage oneself); *see also* 20 C.F.R. § 416.920a(c) (ALJ is required to rate degree of limitation in each of the four areas using a five-point scale: "None, mild, moderate, marked, and extreme"); Tr. 121-23, 136-38 (listing the functional categories and sub-categories utilized by the state agency consultants for RFC assessment purposes); *cf.* Tr. 1119 (listing DSHS work activity categories utilized by Dr. Widlan, and noting a similar five-point rating system:  "none or mild, moderate, marked, severe, severity indeterminate").

ORDER REVERSING THE COMMISSIONER'S DECISION - 3

following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual; learn new tasks; adapt to changes in a routine setting; make simple work-related decisions; and to be aware of normal hazards and take appropriate precautions. Tr. 1119. Dr. Widlan further opined Plaintiff possessed even more restrictive "severe" limitations in categories related to her social interactions and concentration and persistence.[4] Tr. 1119. The specific severe opined limitations concerned Plaintiff's abilities to communicate and perform effectively in a work setting and to complete a normal workday and work week without interruptions from psychologically based symptoms. Tr. 1119. Overall, Dr. Widlan also rated the combined impact of Plaintiff's mental impairments as "severe." Tr. 1119.

      The ALJ found Dr. Widlan's opinion was entitled to "little weight." Tr. 32. In support, the ALJ reasoned Dr. Widlan's overall severity finding was inconsistent with the "mostly moderate to marked limitations" he assessed in the individual categories, and it was unsupported by his "brief, one-time examination for non-treatment purposes." Tr. 32. The ALJ further found Dr. Widlan's assessed "social functioning" marked limitation, namely, Plaintiff's ability to communicate and perform effectively in a work setting, was "inconsistent with her activities including volunteering, attending AA meetings, using public transportation, and traveling to Mexico."[5] Tr. 32.

---

[4] Dr. Widlan's utilization of a "severe" rating – the highest degree of limitation on the DSHS five-point scale – likely translated to an "extreme" rating under 20 C.F.R. § 416.920a(c). *See, e.g.,* Listing 12.00(F)(3)(f)(i) (greatest degree of limitation directs the rating for the entire category).

[5] The ALJ mistakenly states Dr. Widlan found the limitation to be "marked," when, in fact, Dr. Widlan found it to be "severe." Tr. 32; *cf.* Tr. 1119.

ORDER REVERSING THE COMMISSIONER'S DECISION - 4

Finally, the ALJ found Dr. Widlan's assessed "marked" limitations in Plaintiff's concentration – which included Plaintiff's abilities to perform activities within a schedule and maintain regular attendance and to make simple work-related decisions – along with the opined "severe" limitations in Plaintiff's ability to complete a normal workday and work week without interruption, were inconsistent with other record evidence. Tr. 32. Specifically, the ALJ pointed to Plaintiff's mental status examinations ("MSEs"), which the ALJ found showed Plaintiff "as attentive and [with a] logical/clear thought process," and to Plaintiff's activities, which included "participating in ESL classes as well as taking a class to become a nail technician." Tr. 32.

Notably, though, the ALJ failed to address Dr. Widlan's additional opined marked limitations in the two functional categories of understanding/memory and adaption, which respectively included Plaintiff's ability to understand, remember, and persist in tasks; to adapt to changes in a routine work setting; and to be aware of normal hazards and take appropriate precautions. Tr. 1119.

Plaintiff contends the two general reasons provided by the ALJ for discounting Dr. Widlan's opinion are insufficient, and the Court agrees. *See* Dkt. 12 at 4-5. First, while the ALJ found Dr. Widlan's overall "severe" rating is unsupported by his numerous opined "moderate" and "marked" limitations, the ALJ's reasoning overlooks the majority of the individual limitations opined to by Dr. Widlan were in fact in the "marked" range as opposed to the "moderate" range. *See* Tr. 32, 1119. Thus, utilizing this logic, even if Dr. Widlan's individual ratings failed to support an overall "severe" rating, they indeed supported a "marked" rating, which itself would have rendered Plaintiff disabled. However, as Plaintiff notes, the ALJ offers no explanation in reasoning the combined eight "marked" and "severe" limitations could *not* result in a cumulative "severe" rating or impact on Plaintiff's functioning. Dkt. 12 at 4.

ORDER REVERSING THE COMMISSIONER'S DECISION - 5

Moreover, the Commissioner, in opposition, "does not defend that analysis." *See* Tr. 32; *see also* Dkt. 14 at 2 n.2. Accordingly, this reason fails.

Second, the ALJ's reliance on Dr. Widlan's role as a one-time examining physician, without more, is not a specific and legitimate reason for rejecting his opinion. For claims filed before March 27, 2017, like this case, each of the three types of medical opinions—treating, examining, and non-examining—is accorded different weight. 20 C.F.R. §§ 404.1527, 416.927. Generally, more weight is given to the opinion of a treating physician than to the opinion of a physician who did not treat the claimant. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). When an ALJ gives a treating physician's opinion less than controlling weight, and the opinion is not contradicted by another physician, the ALJ must provide "clear and convincing" reasons for rejecting or discounting the opinion, supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). When a treating physician's opinion is contradicted by another physician, an ALJ must provide "specific and legitimate reasons" for rejecting or discounting the treating physician's opinion, supported by substantial evidence. *Id.*

Additionally, the opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a non-examining physician. *See Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). As with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician, and if the opinion is contradicted, the ALJ can reject the opinion only for specific and legitimate reasons that are supported by substantial evidence in the record. *Id.*; *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Here, Dr. Widlan's opinion was the only examining opinion considered by the ALJ, and it, therefore, required specific and legitimate reasons that went beyond Dr. Widlan's simple role

as an examining psychologist. *See Raymond T. v. Commissioner*, No. C22-0618-SKV, 2023 WL 315231, at *3 (W.D. Wash. Jan. 19, 2023) (finding psychologists' status as examiners was "not a standalone reason to discount their opinions, especially because the ALJ gave more weight to the opinions of nonexamining providers"); *see also Keith F. v. Comm'r of Soc. Sec.*, No. 2:20-CV-36-DWC, 2020 WL 7383351, at *6 (W.D. Wash. Dec. 16, 2020) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)) (holding ALJ's supportability findings in which ALJ stated that state agency consultants were "familiar with SSA disability criteria, . . . [and] reviewed extensive records" were insufficient and did "not achieve the level of specificity our prior cases have required"). This reason, therefore, fails as well.

Plaintiff additionally argues the ALJ's findings regarding Dr. Widlan's opined social interaction and concentration and persistence limitations are not supported by substantial evidence arguing the opined limitations were not undermined by the cited evidence regarding her MSEs and activities. *See* Dkt. 12 at 5-9. The Commissioner counters the ALJ's social functioning and concentration findings were reasonable based on Plaintiff's "often normal psychiatric findings" and her participation in ESL and nail technician classes. Dkt. 14 at 3-5.

The Court, however, declines to address these additional findings, which pertain only to Plaintiff's social and concentration and persistence limitations. That is because, here, the ALJ overlooked the additional marked adaptation and memory/understanding limitations opined to by Dr. Widlan, which themselves would have been sufficient to render Plaintiff disabled. The ALJ's failure to address the additional opined adaptation and memory/understanding limitations constituted harmful error in light of the Court's findings above that the two general reasons proffered by the ALJ were themselves insufficient. Accordingly, remand is necessary for the ALJ to reconsider *all* of the functional limitations opined to by Dr. Widlan.

On remand, in further reconsidering the limitations opined to by Dr. Widlan, the Court notes that additional development of the record and/or consultation with a medical expert may be warranted. Here, the ALJ afforded little weight to two of the three medical opinions, and gave only "partial weight" to the third medical opinion. Tr. 31-32. Accordingly, in assessing Plaintiff's multiple RFC limitations, the ALJ appears here to have at least in part inappropriately substituted his own opinion and independently assessed how Plaintiff's mental impairments impacted her ability to work. *See Matthew N. C. v. Comm'r of Soc. Sec.*, No. 3:19-CV-05112-DWC, 2019 WL 4439890, at *4 (W.D. Wash. Sept. 17, 2019) (discussing *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006)) (noting "the ALJ's RFC determination or finding must be supported by medical evidence, particularly the opinion of a treating or an examining physician"); *Burget v. Comm'r of Soc. Sec.*, No. C17-1836 BAT, 2018 WL 4204057, at *3 (W.D. Wash. Sept. 4, 2018) (quoting *Padilla v. Astrue*, 541 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008)) ("[A]s a lay person, an ALJ is 'simply not qualified to interpret raw medical data in functional terms.'").

For the above reasons, the Court finds further administrative proceedings would be useful for the ALJ to reevaluate Dr. Widlan's opinion, accounting for *all* of Dr. Widlan's opined functional limitations associated with Plaintiff's mental impairments, and to further develop the record as necessary. Plaintiff's request for remand for an award of benefits is, therefore, denied. *See Garrison*, 759 F.3d at 1020 (describing requirements for remand for an award of benefits).

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall further develop the record as warranted, reconsider Dr. Widlan's opinion regarding Plaintiff's mental impairments and redetermine RFC as needed, and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 23rd day of May, 2024.

                                                                    BRIAN A. TSUCHIDA  
                                                                    Chief United States Magistrate Judge